# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2025-CP-00192-COA

**IKECHUKWU OKORIE**                                    **APPELLANT**

**v.**

**UNIVERSITY MALL LLC**                                    **APPELLEE**

DATE OF JUDGMENT:                02/14/2025
TRIAL JUDGE:                          HON. SHEILA HAVARD SMALLWOOD
COURT FROM WHICH APPEALED:    FORREST COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:         IKECHUKWU OKORIE (PRO SE)
ATTORNEY FOR APPELLEE:          JOSEPH RANDLE TULLOS
NATURE OF THE CASE:              CIVIL - REAL PROPERTY
DISPOSITION:                      AFFIRMED - 06/30/2026
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., WESTBROOKS AND WEDDLE, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     This is Ikechukwu Okorie's third appeal from judgments related to the foreclosure of real property located at 3700 Hardy Street in Hattiesburg (the "Hardy Street Property").[1] In this action, the foreclosure purchaser, University Mall LLC, sought to confirm title to the property following Okorie's representation to the property's leasing agent that he was entitled to receive rental payments from sub-tenants post-foreclosure. The trial court granted summary judgment to University Mall. We affirm.

## FACTS

¶2.     In 2018, the Hardy Street Property was owned by Okorie's business entity Royal Oaks

---

[1] This Court recently provided an extensive history of the foreclosure proceedings of the subject property in *Okorie v. Citizens Bank*, 424 So. 3d 323 (Miss. Ct. App. 2025).

Rental Properties LLC (Royal Oaks). Royal Oaks secured a loan from Citizens Bank via a deed of trust on the property in June 2018. In January 2019, Royal Oaks conveyed the property to Okorie via a warranty deed. Okorie filed for bankruptcy in February 2019. In May 2021, the bankruptcy court released the Hardy Street Property from the bankruptcy estate. Subsequently, Okorie reaffirmed his debt to Citizens Bank and conveyed the property back to Royal Oaks via a recorded warranty deed in August 2021. In September 2021, Royal Oaks granted Citizens Bank a deed of trust for the Hardy Street Property. The deed of trust indicated it was a renewal and extension of the original June 2018 debt and deed of trust. Following his discharge from bankruptcy, Okorie failed to make timely payments on the debt, and ad valorem taxes on the property became delinquent. Citizens Bank foreclosed on the property, which was sold to University Mall.

¶3.     Despite the foreclosure proceedings, Okorie filed a complaint against Citizens Bank seeking to quiet and confirm title. Okorie renewed arguments that had been rejected by the bankruptcy court related to the property being removed from the bankruptcy estate. He further argued that Royal Oaks did not own the property and that his conveyance of the property back to Royal Oaks in 2021 had been done under "duress." The trial court rejected these arguments and granted summary judgment to Citizens Bank. Okorie appealed. The Mississippi Supreme Court dismissed Okorie's appeal as moot, determining that the "foreclosure sale divested him of all legal and equitable interest in the foreclosed property," and therefore "he cannot maintain a quiet-title suit[.]" Order, *Okorie v. Citizens Bank, Foxworth & Wells Fargo Bank, Nat'l Ass'n*, No. 2024-CP-00166-SCT (Miss. Aug. 1, 2024).

¶4. While that appeal was still pending, Okorie filed a second suit against Citizens Bank, again arguing that he retained a legal interest in the Hardy Street Property. His claims were dismissed, and this Court affirmed the dismissal on appeal, finding that the claims were barred by res judicata.[2] *Okorie*, 424 So. 3d at 324 (¶1). This Court concluded by stating that "[h]aving reached the end of the legal line concerning the foreclosure of the Hardy Street Property, Okorie may do well to recognize the end of this legal saga to stand clear of potential Rule 11 sanctions." *Id.* at 330 (¶21).

¶5. Following the March 2024 foreclosure of the Hardy Street Property, Okorie refused to surrender possession of the property and claimed that he was entitled to continue receiving rental payments from sub-tenants. The leasing agent filed an interpleader action naming Okorie and the foreclosure purchaser, University Mall, as defendants, and seeking a determination of who should receive the rental payments. University Mall filed a cross-claim against Okorie, seeking a confirmation of title and a declaration that Okorie does not have an interest in the property. University Mall moved for partial summary judgment.

¶6. At the time it brought the summary judgment motion, University Mall had successfully brought an action against Okorie under Mississippi's statute for unlawful entry and detainer. *See* Miss. Code Ann. §11-25-101 (Rev. 2019). That action had been removed to federal court, and the federal court determined that Okorie wrongfully possessed the property after the foreclosure sale. *See* Order, *University Mall LLC v. Okorie*, No. 2:24-CV-91-KS-MTP (S.D. Miss. Nov. 21, 2024).

---

[2] Okorie filed numerous additional emergency motions and motions for judicial notice in both cases. *See Okorie*, 424 So. 3d at 327 (¶10).

¶7.     Okorie opposed University Mall's motion for partial summary judgment but did not submit evidence or an affidavit to support his opposition. On the day of the summary judgment hearing, Okorie moved for a continuance under Mississippi Rule of Civil Procedure 56(f). The motion did not include an affidavit, as required by the rule. The trial court denied Okorie's motion and granted partial summary judgment in favor of University Mall, confirming its title to the property. The order stated in part that "[t]he [c]ourt finds that University Mall, LLC, acquired title via the Trustee's Deed dated March 28, 2024, and recorded on April 4, 2024, in the land records of Forrest County, MS at Book 1445, Page 137." The trial court further determined that any of Okorie's claims to title were extinguished by the sale and that Okorie "has not presented any evidence to create a question of material fact as to University Mall, LLC's title."

¶8.     Okorie now appeals, arguing that the trial court erred in denying his motion for a continuance and that the trial court erred in determining that University Mall was entitled to summary judgment.[3]

## STANDARD OF REVIEW

¶9.     "The trial court's denial of a Rule 56(f) motion is reviewed for abuse of discretion." *Hogan v. Hattiesburg Clinic P.A.*, 374 So. 3d 1264, 1268 (¶10) (Miss. Ct. App. 2023). "We employ the de novo standard in reviewing a trial court's grant of summary judgment." *Brown ex rel. Ford v. J.J. Ferguson Sand & Gravel Co.*, 858 So. 2d 129, 130 (¶5) (Miss. 2003).

## DISCUSSION

---

[3] The partial summary judgment order was certified as a final judgment under Mississippi Rule of Civil Procedure 54(b).

## I. Whether the trial court erred in denying Okorie's Rule 56(f) motion for a continuance.

¶10. Okorie argues that the trial court abused its discretion in denying his motion for a continuance under Rule 56(f). "As this Court has recognized, '[a] trial court has sound discretion to grant or deny a continuance under Rule 56(f). This Court will only reverse a trial court where its decision can be characterized as an abuse of discretion.'" *Rainer v. River Oaks Hosp. LLC*, 282 So. 3d 751, 757 (¶20) (Miss. Ct. App. 2019) (quoting *Scales v. Lackey Mem'l Hosp.*, 988 So. 2d 426, 434 (¶19) (Miss. Ct. App. 2008)). The failure to file an affidavit might not be "fatal to a Rule 56(f) motion, if 'the court concludes that the party opposing summary judgment has been diligent and has acted in good faith.'" *Id.* (quoting *Scales*, 988 So. 2d at 435 n.3); *see also Hogan v. Hattiesburg Clinic P.A.*, 374 So. 3d 1264 (Miss. Ct. App. 2023).

¶11. Okorie filed the motion for a continuance on the day of the summary judgment hearing. He argued that further discovery would show University Mall had "constructive notice of Defendant's ownership of the building," that it would show University Mall had prior title issues with other properties demonstrating a pattern of misconduct, that evidence was needed related to the seizure of phones, faxes, and medical records from the property, and that depositions of "key witnesses" and further requests for "relevant records[] are essential to uncover disputed material facts."

¶12. The trial court addressed the motion in the order granting summary judgment, determining as a threshold matter that the continuance motion was properly denied because it was filed the day of the summary judgment hearing and did not contain the required

affidavit. The court further determined that—if the motion were considered on the merits—it should be properly denied because Okorie did not present an adequate basis for a continuance. On the facts before us, we agree that the trial court was within its discretion to deny the motion due to the motion's procedural deficiencies, including untimeliness and the absence of an affidavit. The record does not support finding good cause for the delay or show diligence and good faith by Okorie warranting excusal of the affidavit requirement.

¶13.    On the merits, the trial court properly determined that further discovery on University Mall's "constructive knowledge" of Okorie's purported ownership of the building was not necessary "to find undisputed breaches of the deeds of trust, which entitled the lender to foreclose." The trial court found that the unspecified purported title issues related to other properties were irrelevant to quieting the title of the Hardy Street Property, as were the alleged seizure of materials in the building. Finally, the trial court properly determined that the request for depositions of "key witnesses" and records to "'uncover disputed material facts' . . . is too broad and vague to warrant Rule 56(f) relief."

¶14.    "The party opposing the motion for summary judgment may not rely on vague assertions that discovery will produce needed, but unspecified, facts[,] particularly where there was ample time and opportunity for discovery." *Prescott v. Leaf River Forest Prods. Inc.*, 740 So. 2d 301, 308 (¶13) (Miss. 1999). The trial court did not abuse its discretion in denying Okorie's procedurally defective and meritless motion for a Rule 56(f) continuance.[4]

---

[4] Okorie argues for the first time on appeal that further discovery was necessary to gather evidence related to foreclosure irregularities, such as defective notice and lack of acceleration. These arguments will not be considered for the first time on appeal. *Colbert v. Colbert*, 403 So. 3d 729, 735 (¶26) (Miss. Ct. App. 2025).

**II. Whether the trial court erred in determining that no disputed fact existed related to University Mall's title to the Hardy Street Property.**

¶15. Okorie's remaining arguments challenge the trial court's determination that no disputed material facts remain related to University Mall's title to the property. "The moving party is entitled to summary judgment 'if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Howarth v. M & H Ventures LLC*, 237 So. 3d 107, 110 (¶6) (Miss. 2017) (quoting M.R.C.P. 56(c)). Under Mississippi Rule of Civil Procedure 56(e):

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

¶16. "The sale by a trustee under a deed of trust is presumed valid and the burden of proof is on the party attacking this validity." *Eastover Bank for Sav. v. Hall*, 587 So. 2d 266, 269 (Miss. 1991). University Mall attached numerous public records to its summary judgment motion, including documents demonstrating the tax defaults on the property and the dissolution of Royal Oaks. The trial court was permitted to take judicial notice of the public records supporting University Mall's title to the property. *See* MRE 201; *Riverview Dev. Co. v. Golding Dev. Co.*, 109 So. 3d 572, 576 (¶13) (Miss. Ct. App. 2013). As noted above, our trial and appellate courts have already concluded that the foreclosure divested Okorie of all interest in the property and determined that Okorie's successive challenge against Citizens

7

Bank was barred under the doctrine of res judicata. *Okorie*, 424 So. 3d at 324 (¶1).

¶17.    Okorie's current argument that he retains an interest in the property, while vague, centers on the multiple purported conveyances of the property back and forth between Royal Oaks and Okorie. In his opposition to the motion for summary judgment, Okorie asserted that the property was never conveyed back to Royal Oaks after Royal Oaks conveyed it to Okorie in 2019 and before the renewed 2021 deed of trust. This, he argues, creates a disputed fact defeating summary judgment. However, the land records demonstrate an August 2021 conveyance of the property from Okorie back to Royal Oaks. The Forrest County Chancery Court previously determined that Royal Oaks owned the property and that Citizens Bank had a valid lien in the previous litigations.[5]

¶18.    Regardless, the conveyances Okorie points to were subsequent to—and therefore subordinate to—the first-in-time 2018 deed of trust. *See Smith v. Dodd*, 328 So. 3d 772, 775 (¶14) (Miss. Ct. App. 2021). Okorie does not dispute that Royal Oaks owned the property in 2018. The trial court's order noted that "[i]n the sequence of instruments, the 2019 deed from Royal Oaks to Okorie was executed after the 2018 deed of trust [and] was therefore subordinated to the 2018 deed of trust." The trial court further concluded:

> To the extent Dr. Okorie is arguing that the lien of the 2018 deed of trust was somehow released or subordinated by the 2019 deed from Royal Oaks to Okorie, that argument is rejected as being contrary to the facts and contrary to the law. The Court has been presented with no evidence that the 2018 deed of trust was released, satisfied or subordinated.

---

[5] In University Mall's related unlawful entry and detainer action, the federal court also squarely rejected Okorie's argument that these conveyances indicate that Okorie has an extant ownership interest in the property. *See* Order, *University Mall LLC v. Okorie*, No. 2:24-CV-91-KS-MTP (S.D. Miss. Nov. 21, 2024).

We agree that Okorie's arguments related to subsequent conveyances do not create a material fact dispute that would defeat summary judgment. Further, Okorie did not submit any evidence that created a dispute over the validity of the public records presented for the trial court's consideration.

¶19. The trial court also did not err in ordering Okorie to cancel the lis pendens notice that he filed on the Hardy Street Property. Without a valid interest in the property, Okorie has no basis for the lis pendens notice. *See Jernigan v. Young*, 61 So. 3d 233, 238 (¶30) (Miss. Ct. App. 2011); *All Am. Processing Inc. v. Ruckdeschel*, 75 So. 3d 59, 62 (¶9) (Miss. Ct. App. 2021).[6]

**CONCLUSION**

¶20. The trial court did not abuse its discretion in denying Okorie's Rule 56(f) motion for a continuance. Further, the trial court correctly determined that no genuine dispute of material fact exists that University Mall, as foreclosure purchaser, has clear title to the Hardy Street Property.[7]

---

[6] To the extent that Okorie requested vague equitable relief, the trial court properly denied relief under the doctrine of unclean hands given Okorie's multiple breaches of the deed of trust.

[7] While this appeal was pending, Okorie filed a document titled "Notice of Collateral Consequences Affecting Pending Appeal" in which he enumerates the ways the judgment against him is being enforced in other courts. University Mall filed a motion to strike the document and requested sanctions. This Court disregards Okorie's filing and finds no need to award sanctions based on the document. Therefore, University Mall's motion to strike is denied.

Also while this appeal was pending, Okorie filed a pro se motion styled "Appellant's Motion for Leave to File Supplemental Notice of Chronology Regarding Post-Possession, Pre-Title-Adjudication Consequences and Prejudice from Denial of Discovery." The motion does not request specific relief but, instead, directs the Court's attention to the chronology

¶21.   **AFFIRMED.**

   **BARNES, C.J., CARLTON AND WILSON, P.JJ., McDONALD, LAWRENCE, McCARTY, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.**

---

of discovery matters in the trial docket. It then renews the assertion raised in Okorie's principal brief that summary judgment was entered before sufficient discovery occurred. We find that the motion should be, and hereby is, denied.